CATHARINE AND ELIZABETH SWOPE, AND D. H. BAUGHN's LESSEE *vs.* WILLIAM SWOPE.—*December,* 1847.

In arriving at a testator's intention, as expressed in any clause of his will, we are to give as far as is consistent with such intention, some meaning and operation to every expression contained in the clause.

A testator devised to his wife all his real and personal estate "as long as she continues my widow, but if she intermarries she is to have no more than the law allows her, and the residue to be equally divided among my sons and daughters; but if she continues my widow, she is to hold, enjoy or dispose of it at her discretion, as I do at present." Held, that all that is or was intended to be given to the widow, was an estate during widowhood, on condition that

if she married she was thereafter to have nothing more than what the law would have allowed her had no such devise been made ; but if she continued his widow, then a fee simple was given her.

APPEAL from *Washington* County Court.

This was an action of *ejectment* brought on the 23d September, 1835, by the appellants for a tract or parcel of land called "*Colonel.*"

The cause was submitted upon a statement of facts, which incorporated the will of *John Swope*, the material clause of which will be found in the opinion of this court. The plaintiffs claimed as heirs-at-law of *John Swope*, and the defendant who insisted that his will conveyed a fee to the testator's widow, who died unmarried, claimed under her will.

The county court rendered judgment for the defendant, and the lessors of the plaintiff appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By SPENCE for the appellants, and

By ROMAN and MASON for the appellee.

DORSEY, J., delivered the opinion of this court.

The only question in this case, is whether the widow of *John Swope* (who never contracted a second marriage) took a life or fee simple estate, in the lands devised to her by the following clause in her husband's will, viz :

"After my debts and funeral charges are paid, I give and bequeath unto my wife all my real and personal estate as long as she continues my widow; but if she intermarries she is to have no more than the law allows her, and the residue to be equally divided among my sons *David* and *John,* and daughters *Sally, Elizabeth,* and *Nancy,* but if she continues my widow, she is to hold, enjoy or dispose of it at her discretion, as I do at present."

In arriving at a testator's intention, as expressed in any clause of his will, we are to give, as far as is consistent with such

Swope et al. *vs.* Swope.—1847.

intention, some meaning and operation to every expression contained in the clause. This cannot possibly be done if the appellant's interpretation of the will be adopted; that all that is, or was intended to be given to the widow, was an estate during widowhood, on condition that if she married, she was thereafter to have nothing more than what the law would have allowed to her, had no such devise been made; and that the residue of the property should be equally divided amongst his five children. Had the devise stopped there, the intention of the testator, as deduced by the appellants, would have been fully and unequivocally expressed; and had such been the only intention of the testator, the devise would there have terminated. But the devise did not end there, and the testator proceeds to express his further intent in reference to the disposition of his property, in the event of his wife's never afterwards marrying, in the following language: "but if she continue my widow, she is to hold, enjoy, or dispose of it, at her discretion, as I do at present;" which expression in a last will and testament is abundantly sufficient to give a fee simple estate; and must be held to operate accordingly, in the will now under consideration.

It appears that the testator in the clause of his will before us, designed to dispose of his property in reference to two contingencies, the marrying, or not marrying of his widow: the occurrence of either of which was to have a controlling influence over the disposition he intended to make of his estate. In the first part of the devise to his wife, he intended to declare how he disposed of his property in the event of her marrying; that she should have the whole until her marriage, and thenceforth she was to have no more than what the law allowed her; and the residue was to be equally divided between the five children. But under the second contingency: that is, the widow's not marrying, the testator, by the latter part of the devise, gave to her an absolute or fee simple estate in all his property.

The *pro forma* judgment of the county court is affirmed.

JUDGMENT AFFIRMED.

CHAMBERS, J., dissented.